# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IAN W.J. MacFADYEN, | |
| Plaintiff, | C. A. No. |
| v. | |
| UNIQUELY GREEK, LLC., a Delaware corporation, JESSICA GILL and JON GILL, in their individual capacities, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

### *Parties*

1. Plaintiff Ian W.J. MacFadyen ("Plaintiff" or "Mr. MacFadyen") resides at 1103 Melrose Ave., Wilmington, DE 19809.

2. Uniquely Greek, LLC ("Uniquely Greek"), is, and was at all times relevant to this Complaint, a Delaware corporation with its principal place of business at 2304 Loreley Lane, Wilmington, DE 19810 and is subject to service of process through its registered agent, The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 or at its principal place of business.

3. Jessica Gill ("Ms. Gill") and Jon Gill ("Mr. Gill"") are sued in their individual capacities.  At all times relevant to this Complaint, Ms. Gill and Mr. Gill were the only owners and/or only shareholders of Uniquely Greek, and are subject to service of process at Uniquely Greek's principal place of business, 2304 Loreley Lane, Wilmington, DE 19810. (Uniquely Greek, Ms. Gill and Mr. Gill are collectively referred to as "Defendants.").

### *Nature of Action and Jurisdiction*

4. This Complaint is based upon Plaintiff's claim for wages due and additional damages arising out of his employment with Defendants and violations of the minimum wage provisions of the Fair Labor Standards Act. The work for which the damages are sought was performed by Plaintiff primarily within Delaware.

5. This Court has jurisdiction over this cause of action pursuant to §§ 206 and 216(b) of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.*, and 28 U.S.C. §1331. The jurisdiction of the Court is invoked to secure protection and redress deprivation of rights secured by federal and state law which requires employers to compensate its employees for their labors. This Court also has jurisdiction over Plaintiff's claim made under the Delaware Wage Payment and Collection Act, 19 *Del. C.* § 1101 *et seq.*, by virtue of 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 29 U.S.C. §1132 and 28 U.S.C. §1391(b).

### *Factual Background*

7. Plaintiff is a student at the University of Delaware and is studying Hotel and Restaurant Management.

8. Plaintiff began his employment with Defendants in January 2011 and worked with them until March 2011. During this period of time, Plaintiff performed production duties for Defendants and was paid $10.00 per hour. Periodically, Plaintiff did demonstrations for Defendants and was paid on a straight commissioned basis at $1.50 per container sold.

9. In or about March 2011, Plaintiff resigned from his employment with Uniquely Greek for the first time due to other obligations.

10. On or about August 1, 2011, Plaintiff was offered and accepted a new position with Defendants. Plaintiff's job duties were: accounting; payroll; other finance functions; production facilitation; sales; negotiations; record keeping; distribution; marketing; performed demonstrations; hired personnel; trained personnel; developed and reduced to a writing specific job duties of personnel; set pay rates for personnel; observed employee performances; and made deliveries for Defendants. His title was Co-Director of Operations.

11. Upon information and belief just prior to Plaintiff's second term of employment, Ms. Gill's boyfriend, Henry Tremper ("Mr. Tremper"), resigned from his employment with Uniquely Greek over a personal dispute with Ms. Gill. Mr. Tremper had previously handled the finances and bookkeeping for Uniquely Greek.

12. No agreement was made between the parties as to his compensation but the parties discussed compensating Plaintiff at a rate of 20% ownership; 20% of profits; or some other reasonable rate of pay.

13. During the relevant time period, the lowest paid employee of Uniquely Greek was paid $15.00 per hour plus commissions at $1.00 per container sold for performing demonstrations with Uniquely Greek's products. This employee's job duties and responsibilities were substantially less significant than were Plaintiff's.

14. Another employee, Amy Valentine was paid $15.00 per hour for merely scheduling demonstrations for Uniquely Greek. Ms. Valentine was also to have her pay raised by $5.00 per hour once Uniquely Greek's average sales per week were increased by 500 units sold. Ms. Valentine's job duties and responsibilities were substantially less significant than were Plaintiff's. In fact, Plaintiff trained Ms. Valentine in many aspects of her job.

15. Yet another employee was hired as a sales representative and paid a salary of $2,000 per month. This employee's job duties were substantially less significant than were

3

Plaintiff's. In fact, Plaintiff performed the same job duties as this individual – in addition to Plaintiff's other job duties and responsibilities. This employee reported directly to Plaintiff and Ms. Gill.

16. Plaintiff enthusiastically embraced his new duties. During his time there, Plaintiff moved the company from a business model where the owner and Plaintiff produced Uniquely Greek's products themselves in a kitchen of another business to one in which an outside production company produced its products for them.

17. Plaintiff was also instrumental in securing a distribution agreement Euro USA to have Uniquely Greek's products sold in a chain of retail stores called Earthfare. Additionally, Euro USA had another 1,700 stores to which they distributed product. Uniquely Greek now has access to these stores through Euro USA as a direct result of Plaintiff's efforts. Moreover, at the time Plaintiff resigned, he was negotiating with Euro USA to have Uniquely Greek produce bulk spread (as opposed to the smaller containers being produced by Uniquely Greek) to be sold to restaurants.

18. In addition, Plaintiff developed and designed an Intranet web site for Uniquely Greek and revised and developed job duties and procedures for the company.

19. Finally, Plaintiff implemented a new pricing structure for retail sales. In this regard, Plaintiff obtained new pricing information and set up the new price change in the Whole Foods system.

20. Plaintiff also made deliveries, did demonstrations and called on potential customers/distributors.

21. During the course of his eight month employment with Defendants, Plaintiff requested to be paid for his hours worked several times.

22. Defendants wrongfully refused to pay Plaintiff.

23. Defendants wrongfully manipulated Plaintiff into maintaining his employment by telling him that they had no money to pay him at the time, but promising him that he would be paid eventually, either with wages or with ownership stock in the business.

24. Plaintiff provided consideration for this promise by continuing to work for Defendants in reliance on this promise.

25. Because Defendants refused to compensate Plaintiff, he terminated his employment on or about March 31, 2012.

26. Plaintiff received no compensation from Defendants for hours worked from August 1, 2011 until March 31, 2012.

27. Thereafter, Plaintiff submitted a log of hours worked for which he was not compensated to Ms. Gill.[1]

28. Defendants offered to issue a check to Plaintiff for $5,160.00 in return for him executing a general release of Defendants for any claims that may have arising during his employment with Defendants.

29. Plaintiff refused to sign the release.

30. The amount offered by Defendants was below the minimum wage for all hours worked by Plaintiff for Defendants.

31. The execution of the release was an impermissible condition to payment of wages by Defendant.

32. Defendants also refused to compensate Plaintiff for mileage he incurred in his own personal vehicle doing deliveries for Defendants.

---

[1] The log provided by Plaintiff does not include all compensable hours of work. Plaintiff was unaware at the time that he was entitled to be compensated for travel time as well as for making and responding to telephone calls and emails outside of his regular working hours.

33. At the time Plaintiff resigned from his employment, he notified Ms. Gill of his intention of contacting an attorney to collect his wages.

34. Thereafter, upon information and belief, Defendants wrongfully deleted electronic mail in Plaintiff's account and/or wrongfully deleted the entire account.

35. Ms. Gill and Mr. Gill acted directly or indirectly in the interest of Uniquely Greek in relation to Plaintiff.

## COUNT 1
### *Violation of Delaware Wage Payment and Collection Act*

36. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 34.

37. Defendants are employers within the meaning of 19 *Del. C.* §1113(a)(3).

38. Plaintiff is an employee within the meaning of 19 *Del. C.* §1113(a)(4).

39. Defendants willfully and in bad faith failed to pay Plaintiff wages due in violation of 19 *Del. C.* §§1101, 1107 and 1109. Plaintiff is entitled to payment of these wages, liquidated damages in an amount equal to these wages, attorney's fees, costs of prosecution and the costs of this action pursuant to 19 *Del. C.* §1113(c).

## COUNT II
### *Violation of the Fair Labor Standards Act, Minimum Wage Provision*

40. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 38.

41. Defendants are employers within 29. U.S.C. § 203(d).

42. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

43. Defendants willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff wages for hours worked during Plaintiff's employment with Defendant.

44. Plaintiff's job duties did not exempt him from the minimum wage provision of the Fair Labor Standards Act.

45. At all relevant times, Defendants employed Plaintiff within the meaning of the Fair Labor Standards Act.

46. At all relevant times Defendants engaged in a willful policy, pattern or practice of requiring or permitting Plaintiff to work hours without paying him the minimum wage.

47. Further, Defendants willfully failed to record, report, credit, keep, and preserve records to determine the wages, hours and other conditions and practices of employment therefore violating 29 U.S. C. §§ 211(c) and 215(a).

48. As a result of the aforementioned violations, Defendants damaged Plaintiff in amounts to be determined according to proof at time of trial.

## COUNT III
### *Breach of Contract*

49. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 47.

50. Plaintiff and Defendants entered into a valid binding contract.

51. Defendants agreed to pay Plaintiff fairly for his continued employment with Defendants.

52. Plaintiff provided consideration in the form of performing work for Defendants.

53. Defendants breached the contract by willfully failing to perform under the contract.

54. Plaintiff did not receive the benefit of his bargain under the contract.

55. Plaintiff has been damaged financially by Defendants' failure to perform under the contract in terms of lost monetary payments and/or an ownership stake in Uniquely Greek.

56. Defendants' inducement of Plaintiff to continue to engage in providing work and services to Defendants without compensation was willful and/or malicious.

57. Defendants' failure to perform under the contract was willful and malicious.

## COUNT IV
### *Promissory Estoppel*

58. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 56.

59. Defendants promised to pay Plaintiff in the form of fair wages and/or an ownership interest in Uniquely Greek at a future date.

60. Defendants induced Plaintiff to continue working and performing services on Defendants' behalves in expectation of receiving the payments in the form of fair wages and/or an ownership interest in Uniquely Greek at a future date.

61. Defendants should have reasonably expected that Plaintiff's actions would be so induced.

62. Plaintiff detrimentally relied upon Defendants' promise to pay Plaintiffs payments in the form of fair wages and/or an ownership interest in Uniquely Greek.

63. Defendants willfully and/.or maliciously failed to pay Plaintiff.

64. Justice requires that Defendants perform pursuant to their promise.

## COUNT V
### *Quasi Contract*

65. Plaintiff conferred a benefit to Defendants by working for Defendants without payment with an expectation of being compensated at a future date in the form of fair wages and/or an ownership interest in Uniquely Greek.

66. Plaintiff had a reasonable expectation of being compensated under the promise by Defendants to so compensate Plaintiff.

67. The benefits conferred by Plaintiff to Defendants were at the express or implied request by Defendants.

68. Defendants have been unjustly enriched by the benefit conferred to them by Plaintiff.

69. Defendants' inducement of Plaintiff to continue working without payment and/or to sign a waiver of liability was willful and/or malicious.

70. Defendants' failure to perform under the contract was willful and malicious.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and award the following relief on his claim under the the Delaware Wage Payment and Collection Act:

A. Judgment against Defendants in the amount of:

(1) unpaid wages due and owing to Plaintiff and/or an ownership interest in Uniquely Greek;

(2) statutory liquidated damages pursuant to 19 *Del. C.* §1113(b);

B. Other compensatory damages for pre-judgment interest, post-judgment interest and any other damages necessary to make Plaintiff whole;

C. Reasonable attorney's fees and costs, including the costs of this litigation, pursuant to the Fair Labor Standards Act and/or the Delaware Wage Payment and Collection Act;

D. Punitive damages;

E. Interest accruing for each week that Defendants failed to compensate Plaintiff for time worked; and

F. Such other relief as the Court deems just and proper.

Additionally or Alternatively, Plaintiff respectfully requests that this Court enter judgment in his favor and award the following relief on his claim under the Minimum Wage Provisions of the Fair Labor Standards Act:

A.  Damages in the amount of the respective unpaid minimum wage for hours worked;

B.  liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b);

C.  reasonable attorney's fees and costs of this action as provided by the FLSA, 29 U.S.C. §216(b); and

D.  such other legal and equitable relief as the Court deems just and proper.

**THE WILSON FIRM, LLC**

*/s/ Timothy J. Wilson*
Timothy J. Wilson (No. 4323)
24 Deerborne Trail
Newark, DE 19702
302-286-1100
twilson@wilsonfirmllc.com
*Attorney for Plaintiff*

Dated: September 13, 2012